UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL MARIE of the
Lynch family, *et al.*,

      Plaintiffs,

v.

BRET WITKOWSKI,

      Defendant.
_____/

CASE NO. 1:16-CV-282

HON. ROBERT J. JONKER

## **ORDER**

This matter is before the Court on Plaintiffs' "Request for Temporary Restraining Order without Notice" (docket # 2). The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required. FED. R. CIV. P. 65(b)(1). Plaintiffs have not satisfied this burden. The record does not include a verified complaint or affidavit; nor does it include a certification of any effort made to give notice or why notice should not be required. The motion for TRO fails on this ground alone. But even accepting Plaintiffs' allegations, there is no basis for relief. Plaintiffs seek an order prohibiting Defendant from "personally subjecting Us to any more involuntary servitude per his wrongful collection of tax with respect to Our Land." (docket # 2, PageID.109.)

Plaintiffs apparently are engaged in a routine property tax dispute, with ample opportunity to present their claims in the normal state process. (*Id.*, PageID.100-108.)[1]

For these reasons, the Court concludes that Plaintiffs are not entitled to the *ex parte* temporary restraining order they seek.

**ACCORDINGLY, IT IS ORDERED**:

Plaintiffs' Request for Temporary Restraining Order without Notice (docket # 2) is **DENIED**.

Dated:     March 21, 2016              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that the way Plaintiffs present their case actually calls the subject matter jurisdiction of the Court into dispute. Plaintiffs claim the Court has subject matter jurisdiction based solely on diversity of citizenship under 28 U.S.C. § 1332, but it is clear from the pleadings that there is no diversity of citizenship; both Plaintiffs and the only defendant are citizens of Michigan. The Court will address this jurisdictional issue by separate order.